OPINION
Plaintiff-appellant, Thomas G. O'Brien, appeals from a judgment of the Franklin County Court of Common Pleas overruling his request for attorney fees pursuant to paragraph 3 of the contract between plaintiff and defendant-appellee, Product Design Center, Inc. ("PDC"). In case No. 01AP-495, PDC appeals from the same trial court judgment overruling PDC's motion for attorney fees. Because the trial court properly resolved both post-appeal motions, we affirm.
As set forth in this court's opinion in O'Brien v. Product Design Center, Inc. (Mar. 31, 2000), Franklin App. No. 99AP-584, unreported, plaintiff on December 9, 1997, filed a complaint in the Franklin County Court of Common Pleas contending PDC breached its contract with plaintiff. Plaintiff had been employed by PDC as vice president of sales and marketing and alleged PDC owed him six months of "severance pay" because PDC terminated him without cause. Plaintiff also sought two weeks of unpaid salary, reimbursement for business expenses, health insurance, and a pro-rated portion of a year-end bonus, plus reasonable attorney fees. PDC responded with an answer and counterclaim for breach of contract, contending plaintiff failed to perform as required under the contract. In its counterclaim, PDC sought damages of at least $500, as well as attorney fees in excess of $25,000.
Pursuant to a bench trial, the court rendered a decision finding plaintiff had been terminated without just cause under the terms of his employment agreement with PDC and therefore was entitled to six months of his salary. Finding against PDC on its counterclaim, the trial court also determined plaintiff, as the prevailing party, was entitled to reasonable attorney fees. Following a hearing on the matter, the trial court awarded plaintiff $48,653.26 in attorney fees. PDC appealed to this court, assigning two errors:
 I. The trial court erred as a matter of law in failing to determine the parties' intent regarding the employment agreement at issue, when the meaning and intent of the parties as to the termination provisions was not clear from the writing.
 II. The trial court erred as a matter of law by failing to construe ambiguous contract language against the party who drafted the language.
Addressing the assigned errors, this court noted the contract provision at issue:
 3. Employee's engagement in accordance with this Agreement begins on May 1, 1997, and shall continue for a period of twelve calendar months, plus any agreement extensions agreed to in writing by both parties. Any termination by either party of this Agreement, in whole or in part, shall be made with a 30 day prior written notice, HOWEVER, IN THE EVENT THAT PDC TERMINATES EMPLOYEE WITHOUT JUST CAUSE (IF GROSS NEGLIGENCE, THEFT OF COMPANY PROPERTY, OR CRIMINAL MISCHIEF) PRIOR TO THE EXPIRATION OF THE TERM OF THIS APPOINTMENT (4/30/98) THEN PDC SHALL PAY EMPLOYEE 6 MONTHS SALARY, PRORATED BONUS HEALTH INSURANCE. (Emphasis sic.)
In construing the agreement, this court determined the trial court erred in finding plaintiff had been terminated from employment, as plaintiff had resigned his position with PDC. Because, however, plaintiff gave proper notice of his resignation, this court determined plaintiff was entitled to salary up to the date of his resignation, December 15, 1997. While the trial court had awarded plaintiff two weeks of unpaid salary, this court ordered the trial court on remand to enter judgment for plaintiff for the additional period of November 1997 through December 15, 1997.
At the same time, this court also concluded the trial court erroneously awarded plaintiff attorney fees. Noting that PDC only argued the attorney fee provision applied to the severance pay portion of the third paragraph of the agreement, this court determined as follows:
 The issue involving which paragraph the above [attorney fee] provision refers to is immaterial given our conclusion that [plaintiff] was not terminated. [Plaintiff's] breach of contract action involved claims that he was entitled to "severance pay" under paragraph 3 and two weeks of unpaid salary. Given our conclusion as to the severance pay claim, [plaintiff] is not the prevailing party. [Plaintiff] remains the prevailing party on his claim for two weeks of unpaid salary; however, there is no contention that the attorney fees provision applies to a paragraph involving [plaintiff's] salary. Accordingly, [plaintiff] should not have been awarded attorney fees. O'Brien, supra.
Lastly, this court noted PDC did not "contend specifically that the trial court erred in finding against it on its counterclaim." Indeed, this court ultimately determined it "is clear that [PDC] has not appealed the trial court's judgment as to its counterclaim. Rather, [PDC] has appealed only the issues relating to [plaintiff's] claims under paragraph 3 of the contract and for attorney fees." Id.
As a result, this court then instructed: "Upon remand, the trial court is ordered to enter judgment for [plaintiff] in an amount equal to his salary for the period of November 1997 through December 15, 1997." Id.
Plaintiff filed a motion for reconsideration and a motion to certify a conflict; this court denied both. In ruling on the motions, this court reiterated:
 This court affirmed in part and reversed in part the trial court's judgment, finding the trial court erred in concluding [plaintiff] had been terminated, as opposed to having resigned, and in awarding [plaintiff] six months of severance pay. However, this court concluded [plaintiff] was entitled to his salary up to the effective date of his resignation. In addition, this court concluded [plaintiff] was not the prevailing party on his severance pay claim and that the contact [sic] provision entitling the prevailing party to attorney fees was therefore not implicated. Hence, this court concluded the trial court erred in awarding [plaintiff] his attorney fees. O'Brien v. Product Design Center, Inc. (June 6, 2000), Franklin App. No. 99AP-584, unreported.
On remand to the trial court, plaintiff on September 12, 2000, filed a motion to enter judgment "in conformance" with the appellate decision. In fact, however, plaintiff sought an order awarding him unpaid compensation for the final two weeks of his employment with PDC, compensation through his six-week notice period, attorney fees as the prevailing party under paragraph 3 of the parties' employment agreement, and interest. While acknowledging that this court's opinion had found plaintiff was not the prevailing party on his severance claim, plaintiff argued he was entitled to attorney fees as the prevailing party, having been awarded eight weeks of compensation that PDC had refused to pay him prior to litigation.
On September 26, 2000, PDC responded not only with a memorandum in opposition to plaintiff's motion, but its own motion for attorney fees and costs, arguing that under this court's decision, PDC was the prevailing party on plaintiff's claim for severance pay and was entitled to attorney fees and costs under paragraph 3 of the parties' employment agreement.
On January 2, 2001, the trial court filed a decision resolving the parties' motions. Specifically, the court noted that this court determined plaintiff was not the prevailing party and should not have been awarded attorney fees, even though he prevailed on his claim for unpaid salary. In accordance with that determination, the trial court awarded plaintiff salary for the last two weeks of October 1997, and for the period from November 1997 through December 15, 1997, including statutory interest, but found plaintiff was not entitled to attorney fees.
In resolving PDC's motion, the trial court observed that although this court determined plaintiff was not the prevailing party and was not entitled to attorney fees under the contract, we did not hold PDC was the prevailing party. Rather, the trial court noted that even though plaintiff was not entitled to six months salary for severance, he was entitled to the amount of his salary for the last two weeks of October and for the six weeks from November through December 15. The trial court concluded plaintiff had prevailed in his lawsuit, at least to that extent. Accordingly, the trial court overruled PDC's motion for attorney fees.
In case No. 01AP-454, plaintiff appeals, assigning two errors:
 1. The Trial Court erred in failing to determine that Provision 3 of the parties' Employment Agreement authorizes attorneys fees in the event appellant is forced to litigate to recover his employment compensation through the effective date of his resignation.
 2. The Trial Court erred in denying appellant's request for attorneys fees given that appellant was the prevailing party on his request for Provision 3 notice pay.
In case No. 01AP-495, PDC assigns a single error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FOLLOW THROUGH ON ITS ORIGINAL DECISION OF PREVAILING PARTY AND AWARD OF ATTORNEY FEES, ONCE THE APPELLATE COURT HAD AFFIRMED THE TRIAL COURT'S DETERMINATION OF THE HANDWRITTEN LANGUAGE ON THE LOWER RIGHT-HAND CORNER OF THE EMPLOYMENT AGREEMENT ACTUALLY RELATING TO PARAGRAPH 3, AND FURTHER FINDING THAT THE PLAINTIFF WAS NOT THE PREVAILING PARTY UNDER THE ATTORNEY FEES SECTION.
All of the assigned errors in both cases are interrelated, and we address them jointly. Both plaintiff and PDC assert the trial court erred in denying their respective motions for attorney fees filed after remand pursuant to this court's decision on appeal. The controversy arises out of application of paragraph 3 of the employment agreement between the parties. Plaintiff contends he is entitled to attorney fees because he is the prevailing party on the notice provisions of paragraph 3, even though he was not the prevailing party under the severance provisions of that paragraph. PDC, on the other hand, contends the attorney fee clause pertains only to the severance clause arising from termination without just cause. Because this court found on appeal that plaintiff was not a prevailing party under that clause, PDC contends it therefore is, and is entitled to attorney fees under the terms of paragraph 3.
With respect to plaintiff's claims, this court addressed those in its first opinion: "Given our conclusion as to the severance pay claim, [plaintiff] is not the prevailing party. [Plaintiff] remains the prevailing party on his claim for two weeks of unpaid salary; however, there is no contention that the attorney fees provision applies to a paragraph involving [plaintiff's] salary. Accordingly, [plaintiff] should not have been awarded attorney fees." (Emphasis added.) Lest there be any doubt about the award of attorney fees to plaintiff, on the next page this court stated: "In addition, the trial court erred in concluding [plaintiff] was entitled to attorney fees under the contract." In remanding the matter to the trial court, this court specified that the trial court was reversed as to plaintiff's claims for six months severance pay and attorney fees, and affirmed as to plaintiff's claims for unpaid salary, which the trial court had already awarded in part.
While plaintiff, on remand, suggested his motion sought judgment in conformance with the appellate decision, plaintiff in reality sought more than this court instructed the trial court to award plaintiff: he sought attorney fees. This court, however, determined plaintiff was not entitled to attorney fees on the severance portion of paragraph 3 of the employment agreement, and noted plaintiff did not assert he was entitled to attorney fees under the notice provision of paragraph 3. Accordingly, this court specifically addressed in all respects plaintiff's entitlement to attorney fees, and concluded plaintiff was not entitled to them.
Moreover, this court did not remand the matter to the trial court for further proceedings, but simply instructed the trial court to amend its judgment with respect to severance pay. The trial court properly carried out this court's instructions in denying plaintiff attorney fees. If plaintiff believed resolution of the attorney fees issue was erroneous, he should have appealed this court's March 31, 2000 opinion. Having failed to do so, plaintiff is compelled to embrace the results of that opinion, be they favorable or not to plaintiff's claim for attorney fees. Given this court's decision, the trial court did not err in refusing to grant plaintiff attorney fees.
The trial court also properly denied PDC's motion for attorney fees. Although PDC asserted a claim for attorney fees in its complaint, the trial court did not award attorney fees to PDC, as it found for plaintiff in the bench trial in the common pleas court. On appeal, PDC asserted the trial court erred in its judgment for plaintiff, but failed to cross-appeal and assert that the trial court erred in refusing to find for PDC on any aspect of its counterclaim, including PDC's request for attorney fees. Having failed to raise those issues in the first appeal, PDC, like plaintiff, is compelled to accept this court's March 31, 2000 opinion as the law of the case. Accordingly, the trial court did not err in failing to award PDC attorney fees.
In the final analysis, the trial court did precisely what this court instructed it to do on remand. In following this court's instructions, the trial court did not err. Plaintiff's two assignments of error in case No. 01AP-454 are overruled; PDC's single assignment of error in case No. 01AP-495 is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.